1   Kevin R. Sutherland (State Bar No.: 163746)
    Scott J. Lantry (State Bar No.: 257629)
2   Mara'D A. Smith (State Bar No.: 293172)
    CLYDE & CO US LLP
3   101 Second Street, 24th Floor
    San Francisco, California 94105
4   Telephone: (415) 365-9800
    Facsimile:  (415) 365-9801
5   Email:   kevin.sutherland@clydeco.us
                 scott.lantry@clydeco.us
6                mara.smith@clydeco.us

7   Dennis J. Herrera (State Bar No. 139669)
    Karen E. Kirby (State Bar No.: 146432)
8   OFFICE OF THE CITY ATTORNEY
    CITY AND COUNTY OF SAN FRANCISCO
9   Fox Plaza, 1390 Market Street, 6th Floor
    San Francisco, California 94102
10  Telephone: (415) 554-3891
    Facsimile:  (415) 554-4745
11  Email:  karen.kirby@sfgov.org

12  Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO

13

14                 UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16  GAN YE and XIAO YUN ZHENG,          )   Case No.:
    Individually, as Heirs and Successors in )
17  Interest of, YE MENG YUAN,          )   NOTICE OF REMOVAL TO THE
    Deceased,                           )   UNITED STATES DISTRICT COURT
18                                      )   FOR THE NORTHERN DISTRICT
                                        )   OF CALIFORNIA
19              Plaintiffs,             )
                                        )   Trial Date:  None
20         v.                           )   Complaint Filed: August 13, 2014
                                        )
21  CITY AND COUNTY OF SAN              )
    FRANCISCO, JOANNE HAYES-            )
22  WHITE (SFFD), an individual,        )
    ANTENOR MOLLOY (SFFD), an           )
23  individual, ANTHONY ROBINSON        )
    (SFFD), an individual, TOM          )
24  SIRAGUSA (SFFD), an individual,     )
    MARK GONZALES (SFFD), an            )
25  individual, JOHN LITTLEFIELD (SFO), )
    an individual, TRYG MCCOY (SFO), an )
26  individual, JOHN L. MARTIN (SFO), an )
    individual, DENISE SCHMITT (SFPD),  )
27  an individual, CHRISTINE EMMONS     )
    (SFFD), an individual, ROGER        )
28  PHILLIPS (SFFD), an individual,     )

─────────────────────────────────────────────

                        NOTICE OF REMOVAL

MICHELLE GRINDSTAFF (SFFD), an )
individual, MICHAEL KIRK (SFFD), an )
individual, HENRY CHOY (SFO), an )
individual, DERRICK LEE (SFPD), an )
individual, JIMMY YEE (SFFD), an )
individual, and DOES 1 through 100, )
)
            Defendants. )
)
_____ )

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Defendant the City and County of San Francisco (hereinafter "the City"), by and through its attorneys, Clyde & Co US LLP and the Office of the City Attorney of the City and County of San Francisco, hereby removes this pending action from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California on the following grounds:

1.    On August 13, 2014, plaintiffs Gan Ye and Xiao Yun Zheng (hereinafter "Plaintiffs") filed in the Superior Court of the State of California for the County of San Mateo, a Summons (hereinafter "Summons") and Complaint for Damages (hereinafter "Complaint") bearing Case No. CIV530008 in the records and files of that court.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2.    On October 9, 2014, the Summons and Complaint were served on the City by personal delivery to the office of the Mayor of the City, receipt of which was acknowledged by file-stamped endorsement as noted on the face of the Summons.  *See* Summons, attached hereto as Exhibit A, ¶ 3.

3.    This Notice of Removal is being timely filed within 30 days of service of the Summons and Complaint by plaintiffs.  *See* 28 U.S.C. § 1446(b).

4.    This is an action brought by the parents of Ye Meng Yuan (hereinafter "the Decedent"), a passenger who perished as a result of the crash of Asiana

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Airlines Flight No. OZ 214 (hereinafter "Flight 214") at San Francisco International Airport on July 6, 2013. Plaintiffs assert six causes of action against the City. Plaintiffs' first and third causes of action are based upon the alleged negligence or gross negligence of all defendants pursuant to Sections 815.2 and 815.4 of the California Government Claims Act. Complaint, ¶¶ 50-61, 69-73. The second and fourth causes of action are based upon alleged violations by the City and certain individual defendants known as the "Supervisor Defendants" for the alleged breach of a mandatory duty imposed by 14 C.F.R. Part 139, the federal regulations pertaining to airport rescue and firefighting operations, pursuant to Section 815.6 of the California Government Claims Act. Finally, the fifth and six causes of action are predicated upon the alleged violation of decedent's constitutional rights under 42 U.S.C. Section 1983. *See* Complaint, ¶¶ 50-110. Plaintiffs' complaint seeks unspecified damages. *See id.,* p. 25.

    5.    This action is a civil action over which this Court has original jurisdiction based upon the existence of a federal question pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3) and is one which may be removed to this Court by the City pursuant to the provisions of 28 U.S.C. Section 1441(a), in that it asserts claims under federal law pursuant to 42 U.S.C. Section 1983 (hereinafter "Section 1983") for the alleged violation of the civil rights of plaintiffs and decedent.

    6.    This Court has supplemental jurisdiction over plaintiffs' state-law claims pursuant to 28 U.S.C. Section 1367(a). Plaintiffs' state-law claims form part of the same case or controversy as plaintiffs' claims asserted under federal law pursuant to Section 1983, in that plaintiffs' state-law claims share a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together.

    7.    Additionally, this Court has original jurisdiction over plaintiffs' state-law claims based upon the existence of a federal question pursuant to 28 U.S.C. Section 1331, which may be removed to this Court by the City pursuant to the

provisions of 28 U.S.C. Section 1441(a), in that plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law, to wit, defendants' alleged violation of certain Federal Aviation Regulations, specifically 14 C.F.R. Part 139, promulgated under the Federal Aviation Act of 1958, as amended, codified in Title 49, Subtitle VII of the United States Code.

8.    To the best of the City's information and belief, no defendant other than the City has been served with process in this action to date.  Therefore, the City need not obtain the consent of any other defendant to remove this action to the District Court for the Northern District of California.  *See* 28 U.S.C. § 1446(b)(2)(A).  If the consent of any other defendant is required, all of such defendants are employees of the City and have consented to remove this action to the District Court for the Northern District of California.

9.    The defendants identified as "DOES 1 through 100" in plaintiffs' complaint are merely fictitious parties against whom no cause of action can be validly alleged.  To the best of the City's information and belief, no fictitiously designated defendant has been served with process to date.

10.    Promptly after filing this Notice of Removal, the City shall file a copy of this Notice of Removal with the Office of the Clerk for the Superior Court of the State of California for the County of San Mateo, as required by 28 U.S.C. Section 1446(d).

11.    Contemporaneously with the filing of this Notice of Removal, the City shall give written notice of the filing of this Notice of Removal to plaintiffs as required by 28 U.S.C. Section 1446(d).

//

//

//

//

//

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

# I

## THIS COURT HAS FEDERAL QUESTION JURISDICTION BECAUSE PLAINTIFFS' FIFTH AND SIXTH CAUSES OF ACTION ARISE UNDER 42 U.S.C. SECTION 1983

12.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3) based upon plaintiffs' fifth and sixth causes of action for the alleged violation of plaintiffs' and decedent's constitutional and federally protected rights pursuant to the Civil Rights Act of 1964, codified at 42 U.S.C. Section 1983.

13.    This Court has "original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."  28 U.S.C. § 1343(a)(3).  Here, plaintiffs' Complaint alleges that plaintiffs and decedent "were subjected to deprivation of rights" by the City and various individual City employees, "which rights include . . . privileges and immunities secured to plaintiffs and [decedent] by the Constitution and laws of the United States."  Complaint, ¶¶ 80, 93; *see also* Complaint, ¶¶ 79-110.  The Complaint further alleges that defendants "were acting under color of law" at all relevant times.  Complaint, ¶¶ 81, 94.

14.    This Court has original jurisdiction over plaintiffs' Section 1983 claims pursuant to 28 U.S.C. Sections 1343 and 1343(a)(3).  *See Esparza v. County of Los Angeles,* 527 Fed.Appx. 639, 639-640 (9th Cir. 2013) (district court had original jurisdiction of Section 1983 claims pursuant to 28 U.S.C. §1331 and 1343(a)(3)); *Crawford v. Lungren*, 96 F.3d 380, 384 (9th Cir. 1996) (same); *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1057 (9th Cir. 2012). Accordingly, this action arises under the laws of the United States and this action

may be removed to the Court pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3).

## II

## THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE-LAW CAUSES OF ACTION NOS. ONE THROUGH FOUR BECAUSE THEY SHARE A COMMON NUCLEUS OF OPERATIVE FACT WITH PLAINTIFFS' SECTION 1983 CLAIMS

15.     This Court has supplemental jurisdiction over plaintiffs' state-law claims pursuant to 28 U.S.C. Section 1367(a), which provides that this Court "shall have supplemental jurisdiction over all other claims that are so related to claims" over which this Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."  A state law claim is part of the same case or controversy "when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together."  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004), *quoting Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F.3d 923, 925 (9th Cir. 2003). Complaints filed in state court that allege both Section 1983 claims and state-law claims against a municipality such as the City are removable to this Court.  *See Ulrich v. City and County of San Francisco,* 308 F.3d 968, 974 (9th Cir. 2002) (complaint against the City alleging causes of action based upon California state law and Section 1983 was properly removed from California Superior Court to the District Court for the Northern District of California).

16.     As set forth above, this Court has original jurisdiction over plaintiffs' claims that are predicated upon Section 1983, specifically the fifth and sixth causes of action.

17.     In a Section 1983 action, this Court properly exercises supplemental jurisdiction over state-law claims that share a common nucleus of operative fact with the Section 1983 claims. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

Cir. 2004) (reversing District Court order declining to consider plaintiff's state law claims in action by prison inmate alleging violations of federal civil rights under Section 1983 and violations of state law civil rights); *Executive Software North America v. U.S. Dist. Court for Cent. Dist. of California,* 24 F.3d 1545, 1551-54 (9th Cir. 1994) (holding District Court committed clear error in declining to find supplemental jurisdiction over state law claims in employment discrimination action alleging Section 1983 claim and state-law discrimination and wrongful termination claims), *overruled on other grounds in California Dept. of Water Resources v. Powerex Corp.,* 553 F.3d 1087, 1092-93 (9th Cir. 2008). Moreover, in wrongful death actions that assert both Section 1983 and state-law claims, this Court has routinely concluded that such claims arise out of a common nucleus of operative fact warranting the exercise of supplemental jurisdiction over the state law claims. *See Estate of Hatfield v. County of Lake*, 2012 WL 1949327 at *4 (N.D. Cal. 2012) (in Section 1983 wrongful death medical malpractice action, district court exercised supplemental jurisdiction over state-law negligence claims); *Allen v. County of Monterey*, 2007 WL 3070973 at *4-5 (N.D. Cal. 2007) (in Section 1983 action arising out of the death of a minor following the state's removal of the minor from parents' custody, district court exercised supplemental jurisdiction over state-law wrongful death claims).

18. Taken as a whole, plaintiffs' state-law claims are "so related" to plaintiffs' Section 1983 claims that they arise from a common nucleus of operative fact. The factual allegations in the Complaint that support plaintiffs' state-law claims are virtually identical (and often *verbatim*) to the factual allegations supporting plaintiffs' Section 1983 claims. As demonstrated below, the state-law and federal-law claims are predicated upon the same theories, specifically: (1) the conduct of the City and its first responders in the immediate aftermath of the crash of Flight 214 breached the duty of care owed to decedent, thereby causing her death; and (2) the City's training of first responders and the implementation of its

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

federally-mandated emergency response plan violated federal aviation regulations, specifically 14 C.F.R. Part 139, causing the death of decedent.

19.    ***Plaintiffs' Fifth Cause of Action (Under Section 1983) and the First and Third Causes of Action (State-Law Negligence Claims) Are So Related that They Form the Same Case or Controversy:*** The fifth cause of action under Section 1983 involves precisely the same "nucleus of operative fact" as do the first and third state-law causes of action for negligence.  These claims are based upon the allegations that certain individual first responders to the crash of Flight 214, referred to as the "Rescue Worker Defendants," breached their duty of care to decedent by failing to attend to her in the immediate aftermath of the crash of Flight 214, thereby causing her death.  *Compare,* Complaint, ¶¶83-86, *with* Complaint, ¶¶54, 56-57, 71.  As alleged, both issues turn on whether the Rescue Worker Defendants were negligent under a traditional negligence analysis (*e.g.,* duty, breach, causation and damages).  This is demonstrated by the following summary which excerpts the key factual allegations in the Complaint:

| *Issue* | *State Law Claims Nos. 1 & 3* | *Section 1983 Claim No. 5* |
|---|---|---|
| **Duty** | Defendants owed decedent and plaintiffs "a duty to, *inter alia*, exercise reasonable and ordinary care and to avoid injury to [decedent], to provide rescue and medical services in a safe and reasonable manner, and to otherwise coordinate response efforts. . . ." Complaint, ¶ 56. | Defendants owed decedent and plaintiffs "a duty to, *inter alia*, exercise reasonable and ordinary care and to avoid injury to [decedent], to provide rescue and medical services in a safe and reasonable manner, and to otherwise coordinate response efforts. . . ." Complaint, ¶ 84. |
| **Breach** | The Rescue Worker Defendants "breached their duty of care . . . and acted with deliberate indifference . . . through, *inter alia*, the following acts and omissions:<br>(a) Failing to ensure she was | The Rescue Worker Defendants "breached their duty of care . . . and acted with deliberate indifference . . . through, *inter alia*, the following acts and omissions:<br>(a) Failing to ensure she was |

1505559v1

| Issue | State Law Claims Nos. 1 & 3 | Section 1983 Claim No. 5 |
|---|---|---|
| | placed in a safe location; (b) Failing to assess and treat [decedent]; (c) Failing to remove [decedent] from a hazardous location . . . (d) Failing to mark [decedent]'s presence and/or location . . . (e) Deliberately and knowingly abandoning [decedent] . . . in a hazardous location . . . and; (f) failing to coordinate response efforts. . . . Complaint, ¶ 57. | placed in a safe location; (b) Failing to assess and treat [decedent]; (c) Failing to remove [decedent] from a hazardous location . . . (d) Failing to mark [decedent]'s presence and/or location . . . (e) Deliberately and knowingly abandoning [decedent] . . . in a hazardous location . . . and; (f) failing to coordinate response efforts. . . . Complaint, ¶ 85. |
| Causation | "As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, deliberate indifference . . . and/or other wrongful acts and/or omissions of the Rescue Worker Defendants . . . , [decedent] suffered multiple blunt injuries from being run over by ARFF Unit 10, causing her death." Complaint, ¶ 59. | "As a direct result of the Rescue Worker Defendants' deliberate indifference and conduct, [decedent] was deprived of the necessary and indicated medical intervention, care, treatment, was abandoned in a perilous location, and suffered serious injuries and death. . . ." Complaint, ¶ 89. |
| Damages | "As a result of [decedent]'s death, plaintiffs sustained pecuniary and non-pecuniary losses. . . ." Complaint, ¶ 60. | "As a result of the foregoing violations which caused and/or contributed to the death of [decedent], plaintiffs sustained pecuniary and non-pecuniary losses. . . ." Complaint, ¶ 90. |

20.     In light of the foregoing, state-law causes of action Nos. 1 and 3 allegedly involve precisely the same nucleus of operative fact as the fifth cause of action under Section 1983 and those claims would normally be tried together. Therefore, this Court may properly exercise supplemental jurisdiction over plaintiffs' state-law claims pursuant to 28 U.S.C. Section 1367(a).

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

21.     ***Plaintiffs' Sixth Cause of Action (Under Section 1983) and the Second and Fourth Causes of Action (State-Law Claims for the Breach of a Mandatory Duty Imposed by Enactment) Are So Related that They Form the Same Case or Controversy:***     Plaintiffs' state-law causes of action Nos. 2 and 4 arise out of the same nucleus of operative fact as plaintiffs' sixth cause of action under Section 1983.   These claims are all based upon essentially the same legal theory – the City's alleged failure to comply with its obligations under 14 C.F.R Part 139 in connection with the crash of Flight 214.   The second and fourth causes of action assert a claim under California Government Code Section 815.6 on the grounds that the City and the Supervisor Defendants violated their mandatory duties imposed by 14 C.F.R. Part 139.   Complaint, ¶¶ 63-65, 74-76.   Similarly, the sixth cause of action alleges that the City and the Supervisor Defendants violated the constitutional and federally protected rights of decedent and plaintiffs by failing to adequately implement the emergency response plan or provide adequate training to first responders, as required by 14 C.F.R. Part 139.   Complaint, ¶¶ 95-96, 98-99, 101-108.   Moreover, the second, fourth and sixth causes of action all allege that these violations were the legal cause for decedent's death, and that plaintiffs have suffered "pecuniary and non-pecuniary losses" as a result. Complaint, ¶¶ 67, 76-77, 101, 109.

22.     In light of the foregoing, state-law causes of action Nos. 2 and 4 arise out of the same nucleus of operative fact as the sixth cause of action under Section 1983 and those claims would normally be tried together.   Therefore, this Court may properly exercise supplemental jurisdiction over plaintiffs' state-law claims pursuant to 28 U.S.C. Section 1367(a).

/ /

/ /

/ /

/ /

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

### III

### THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER PLAINTIFFS' STATE-LAW CLAIMS BECAUSE THE RESOLUTION OF THOSE CLAIMS INVOLVES A DISPUTED AND SUBSTANTIAL FEDERAL QUESTION UNDER 14 C.F.R. PART 139

23.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331 based on the existence of a federal question, in that plaintiffs' state-law claims are predicated upon defendants' alleged violation of certain Federal Aviation Regulations, specifically 14 C.F.R. Part 139, promulgated under the Federal Aviation Act of 1958, as amended, codified in Title 49, Subtitle VII of the United States Code.

24.     Federal question jurisdiction exists over state-law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005); *see Nicodemus v. Union Pacific Corp.,* 440 F.3d 1227, 1234 (9th Cir. 2006) (holding federal question jurisdiction existed over state-law trespass action because resolution of that claim "hinge[d]" on resolution of federal land-grant statutes); *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 986 F.2d 476, 479 (Fed. Cir. 1993) (holding federal question jurisdiction existed over state-law business disparagement claim because resolution of that claim "depends upon the resolution of a substantial question of [federal] patent law").  A case should be dismissed for want of a substantial federal question "only when the federal issue is: (1) wholly insubstantial or obviously frivolous; (2) foreclosed by prior cases which have settled the issue one way or another; or (3) so patently without merit as to require no meaningful consideration." *Nicodemus v. Union Pacific Corp.,* 440 F.3d at 1236.

25.     The outcome of each and every one of plaintiffs' state-law claims is determined by the construction and application of 14 C.F.R. Part 139, the federal regulations pertaining to airport rescue and firefighting operations, such that these claims raise a substantial federal question.   Plaintiffs' state-law claims are predicated upon the following allegations:

a.     14 C.F.R. Part 139 imposed an actionable duty of care upon the City; s*ee* Complaint, ¶¶ 45-49, 63-66, 74-76, 95-96, 98-108;

b.     The City violated its obligations under 14 C.F.R. Part 139, *id.*; and

c.     Such violations were the legal cause of decedent's death.  *Id.*

26.     The pivotal nature of 14 C.F.R. Part 139 to plaintiffs' allegations is evident from the face of the Complaint.  *Id.*  The Complaint alleges that 14 C.F.R. Part 139 imposes a duty upon the City to ensure that its rescue personnel are properly trained and specifies the required training regimen for rescue personnel. Complaint, ¶ 47.  The Complaint also alleges that Part 139 requires the City to develop and maintain an emergency plan, including provisions for the response to an aviation disaster and the care and treatment of accident victims.  Complaint, ¶ 45-46, 48.  Plaintiffs allege throughout the Complaint that the City breached its duties established under Part 139.  Complaint, ¶¶ 49, 51, 64-65, 71, 76, 95-96, 100-107.  These allegations form the primary basis of plaintiffs' claims against the City. *See id.*

27.     The legal basis for plaintiffs' state law claims rests entirely upon 14 C.F.R. Part 139.  For example, plaintiffs' second and fourth causes of action allege that defendants breached their mandatory duties imposed by 14 C.F.R. Part 139 and that these federal regulations constitute an "enactment" upon which liability may be predicated under California Government Code Section 815.6.  Complaint, ¶¶ 63-65, 74-77.  Because plaintiffs' complaint raises a stated federal issue that is pivotal to plaintiffs' state-law claims, this Court may exercise federal question

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

1  jurisdiction over those claims pursuant to 28 U.S.C. Section 1331. *Grable & Sons*
2  *Metal Products, Inc.*, 545 U.S. at 314; *Nicodemus,* 440 F.3d at 1234; *Additive*
3  *Controls & Measurement Systems, Inc.*, 986 F.2d at 479.

4      28.   This Court's exercise of federal question jurisdiction over plaintiffs'
5  state-law claims will not "distur[b] any congressionally approved balance of
6  federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc.*,
7  545 U.S. at 314.  The field of aviation safety has been completely preempted by
8  federal law given the strong federal interest in uniform and effective aviation
9  safety standards.  As the Ninth Circuit has explained, the Federal Aviation Act
10 "and regulations promulgated pursuant to it [including Part 139] establish complete
11 and thorough safety standards for air travel, which are not subject to
12 supplementation by, or variation among, state laws." *Montalvo v. Spirit Airlines*,
13 508 F.3d 464, 468 (9th Cir. 2007).  More recently, the Ninth Circuit reconfirmed
14 that aviation safety is a "federally occupied field" and "state law claims that
15 encroach upon, supplement, or alter" that field "present an obstacle to the
16 accomplishment of Congress's legislative goal to create a single, uniform system of
17 regulating that field." *Ventress v. Japan Airlines,* 747 F.3d 716, 722 (9th Cir.
18 March 28, 2014).

19     29.   In light of the strong federal interest in the field of aviation safety,
20 removing this case to federal court does not encroach upon the judicial
21 responsibilities of California state courts.  To the contrary, cases of this nature are
22 uniquely within the purview of the federal system.  This is confirmed by an
23 independent review of 14 C.F.R. Part 139, which demonstrates that it constitutes a
24 pervasive body of federal regulations regarding airport rescue and firefighting
25 operations.  *See e.g.,* 14 C.F.R. §§ 139.301-343 (regulations regarding airport
26 rescue and firefighting capabilities); 14 C.F.R. § 139.325 (airport emergency
27 response plan regulations); 14 C.F.R. § 139.319 (operational standards for aircraft
28 rescue and firefighting).

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

30.    Finally, the application of Part 139 is "actually disputed" and this dispute goes to the essence of the case.  As discussed above, all of plaintiffs' claims are based upon the assertion that defendants breached their obligations under 14 C.F.R. Part 139 regarding the training of first responders and the implementation of the emergency response plan, which violations allegedly caused decedent's death.  Complaint, ¶¶ 45-49, 63-66, 74-76, 95-96, 98-108.  Defendants deny these allegations and, to the contrary, are prepared to demonstrate that their response to the crash of Flight 214 met and exceeded the requirements of Part 139.

31.    In light of the foregoing, this Court has federal question jurisdiction over plaintiffs' state-law claims pursuant to 28 U.S.C. Section 1331 because those claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *See Grable & Sons Metal Products, Inc.*, 545 U.S. at 314; *Nicodemus,* 440 F.3d at 1234; *Additive Controls & Measurement Systems, Inc.*, 986 F.2d at 479.

## RULE 44.1 NOTICE

32.    Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, the City hereby gives notice that it intends to raise issues concern the law of a foreign county in this matter, including any applicable limitations of damages which may be contained therein.

WHEREFORE, the City prays that the above-entitled action now pending in the Superior Court of California for the County of San Mateo be removed to this Court pursuant to 28 U.S.C. Sections 1331, 1367(a) and 1441.

/ /

/ /

/ /

/ /

/ /

DATED: November 6, 2014          CLYDE & CO US LLP


By:  /s/Kevin R. Sutherland
    KEVIN R. SUTHERLAND
    SCOTT J. LANTRY
    MARA'D A. SMITH

-and-

OFFICE OF THE CITY ATTORNEY
CITY AND COUNTY OF SAN
FRANCISCO

    DENNIS J. HERRERA
    KAREN E. KIRBY

    Attorneys for Defendants
CITY AND COUNTY OF SAN
FRANCISCO

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

I am a employed in the County of San Francisco, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 101 Second Street, 24th Floor, San Francisco, California 94105.

On November 6, 2014, I served the document(s) described as:

**DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

on the parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

in the following manner:

☐ **(BY FAX):** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☐ **(BY MAIL):** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ **(BY PERSONAL SERVICE):** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☒ **(BY CM/ECF):** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action:

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 6, 2014, at San Francisco, California.

_/s/_____
Patricia Inabnet

DEFENDANTS' NOTICE OF REMOVAL TO THE UNTIED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

# SERVICE LIST

Gretchen M. Nelson, Esq. (SBN 112566)
Gabriel S. Barenfeld, Esq. (SBN 224146)
KREINDLER & KREINDLER LLP
707 Wilshire Blvd,. Suite 3600
Los Angeles, CA 90017
Tel: (213) 622-6469
Fax: (714) 590-6458
Email: gnelson@kreindler.com
       gbarendfeld@kreindler.com

and

Justin T. Green, Esq.
(*pro hac vice* pending)
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY 10017
Tel: (212) 973-3448
Email: jgreen@kreindler.com

and

Anthony Tarricone, Esq.
(*pro hac vice* pending)
KREINDLER & KREINDLER LLP
277 Dartmouth Street
Boston, MA  02116
Tel: (617) 424-9100
Email: atarricone@kreindler.com

Attorney for Plaintiffs

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

DEFENDANTS' NOTICE OF REMOVAL TO THE UNTIED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA